

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-12-00430-CR

Charles **ARRINGTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR1663
Honorable Sharon MacRae, Judge Presiding[1]

Opinion by:     Sandee Bryan Marion, Justice
Concurring Opinion by: Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 14, 2013

The jury believed beyond a reasonable doubt that the defendant abused his nine-year-old daughter, who was then required to re-live the details of the sexual abuse in a courtroom. Regrettably, because the trial court and the State failed to ensure the defendant's constitutional right to a unanimous verdict was honored, the child must suffer through the process yet again.

The outcome of this appeal turns on the right, guaranteed by Article V, Section 13 of the Texas Constitution, that the jury's verdict in a felony case be unanimous. The trial court bears the

---

[1] Sitting by assignment.

primary responsibility to ensure the jury understands that it must agree upon a single, discrete incident that constitutes the commission of the alleged offense.  In this case, the State charged seven separate offenses; however, it presented evidence that the defendant committed each of those offenses (except for Count III) on multiple, but separate occasions.  The trial court was required to submit a charge instructing the jury that in order to find the defendant guilty it must unanimously agree on one incident of conduct that met all the essential elements of the charged offense.

For example, the child testified the defendant forced her to put his penis in her mouth on three occasions over the course of two days in two different physical locations – twice in the shower and once while on a mattress.  In Count IV the jury was asked to find whether the defendant caused his sexual organ to penetrate the child's mouth.  It is apparent from the jury's verdict that each of the twelve jurors believed beyond a reasonable doubt that he committed the offense.  However, the jury could have reached a non-unanimous verdict on this count because the trial court did not instruct the jury that in order to find him guilty, all twelve jurors would have to agree that one of the specific instances of the conduct occurred.  That is, some of the jurors may have believed the offense alleged in Count IV happened only in the first shower, while the remaining jurors believed it happened only on the mattress.

As noted by the majority, when the jury is not properly instructed on unanimity, this court is compelled to reverse the judgment unless the record allows us to logically conclude the jury's verdict was, in fact unanimous.  In this case, this court is unable to so conclude.  Not only did the State fail to point out the error in the charge to the trial court, it did not explain the unanimity requirement to the jury in its argument.  And significantly, the jury's inability to reach unanimous agreement on Count III (the only count supported by evidence of only one incident) suggests that at least one of the jurors did not believe at least some of the child's testimony with respect to that

count.  The record thus does not provide us a basis for concluding that it is highly likely the jury unanimously agreed that the defendant committed all of the separate instances of criminal conduct that could support the guilty verdicts on the other six counts.  I therefore reluctantly agree that we have no choice but to reverse the judgment and remand this case for a new trial.  To do otherwise would violate the defendant's constitutional right to a unanimous verdict.

I applaud the members of the jury for their diligent efforts and for fulfilling their civic duty. It is evident from the record they followed the trial court's instructions as given and took their role seriously in weighing the evidence and witness testimony presented.  However, the trial court failed in its obligation to submit a charge that does not allow for the possibility of a non-unanimous verdict.  And the State failed in its primary duty, which is not to convict, but to do justice, by failing to assure that the convictions were constitutionally obtained.  The Bexar County taxpayers, the members of the jury, and the child victim all suffer as a result.

Luz Elena D. Chapa, Justice

PUBLISH